Filed 4/11/14  P. v. Vargas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL ALEXANDER VARGAS,<br><br>    Defendant and Appellant. | G047358<br><br>(Super. Ct. No. 09NF0461)<br><br>O P I N I O N |

        Appeal from a judgment of the Superior Court of Orange County, William R. Froeberg, Judge.  Affirmed.

        Christopher Nalls, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Elizabeth M. Carino, Deputy Attorneys General, for Plaintiff and Respondent.

*        *        *

A jury convicted defendant Miguel Alexander Vargas of one count of first degree murder (Pen Code, § 187, subd. (a))[1] and one count of carjacking (§ 215, subd. (a)). The jury found true that defendant had suffered one prior juvenile adjudication for robbery, which was charged as both a strike (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1)) and a serious prior felony (§ 667, subd. (a)(1)). The court sentenced defendant to 50 years to life on the first degree murder, double the principal term pursuant to the prior strike. It sentenced defendant to a determinate term of 18 years for the carjacking, which was double the upper term pursuant to the prior strike. It then imposed an additional 5 years for the serious prior felony. The court ordered appellant's determinate sentence of 23 years to be served consecutively to his indeterminate sentence of 50 years to life. Defendant timely appealed.

Defendant raises a single issue on appeal, which he acknowledges runs contrary to a binding California Supreme Court precedent, *People v. Nguyen* (2009) 46 Cal.4th 1007 (*Nguyen*), but which he is raising "in order to ask the Supreme Court to reconsider *Nguyen*, and also to preserve the issue for federal review."

Defendant contends the use of a prior juvenile adjudication as a strike to double his sentence violated his right to a jury trial under the Sixth and Fourteenth Amendments to the United States Constitution as interpreted by *Apprendi v. New Jersey* (2000) 530 U.S. 466, 490 (*Apprendi*). Under identical circumstances, our high court in *Nguyen* rejected this argument: "Defendant argues . . . that because he had no right to a jury trial in the prior juvenile proceeding, the Fifth, Sixth, and Fourteenth Amendments, as construed in *Apprendi,* bar use of the resulting criminal adjudication to enhance his maximum sentence in this adult proceeding. For several reasons, we reject the contention." (*Nguyen*, *supra*, 46 Cal.4th at pp. 1014-1015.) As defendant acknowledges,

---

[1] All statutory references are to the Penal Code.

2

we are bound by the California Supreme Court's opinion. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.) Accordingly, we must affirm.

DISPOSITION

The judgment is affirmed.


IKOLA, J.

WE CONCUR:


ARONSON, ACTING P. J.


FYBEL, J.